IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ULYSSES T. WARE, | : | PRISONER HABEAS CORPUS |
| Inmate # 12578-021, | : | 28 U.S.C. § 2241 |
|    Petitioner, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:13-CV-1704-TWT-GGB |
| | : | |
| DARLENE DREW, Warden, et al., | : | |
|    Respondents. | : | |

**<u>FINAL REPORT AND RECOMMENDATION</u>**

Petitioner, Ulysses T. Ware, an inmate at the Federal Prison Camp in Atlanta, Georgia, seeks via 28 U.S.C. § 2241 to challenge the constitutionality of disciplinary actions taken at the prison camp. [Doc. 1]. His petition is currently before me for initial consideration under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]  I recommend that the petition be summarily dismissed for the reasons discussed below.

---

[1] Rule 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts requires the court to order summary dismissal of a petition for habeas corpus "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Under Rule 1(b), the Rules Governing Section 2254 Cases in the United States District Courts are also applicable to 28 U.S.C. § 2241 cases.

AO 72A
(Rev.8/82)

## I. **Background**

Petitioner contends that, on January 28, 2013, Warden Darlene Drew increased the custody level of the inmates in the Atlanta Prison Camp from a minimum security level to a "medium-high custody" level. [Doc. 1 at 6]. Petitioner further argues that Warden Drew and other officials failed to follow Bureau of Prisons' ("BOP") policy with regard to the administrative remedy process. Petitioner also contends that, on April 22, 2013, he received a "false" incident report and was placed in the "DCU," apparently a form of disciplinary segregation. [*Id.* at 7]. Petitioner complains extensively about the conditions of confinement in DCU. According to a supplement submitted by Petitioner, he was released from DCU on June 27, 2013. [Doc. 5 at 1].

## II. **Discussion**

To the extent that Petitioner seeks to certify a class action in this case, he may not do so. "It is plain error to permit an imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action." *Wallace v. Smith*, 145 F. App'x 300, 302 (11th Cir. 2005) (quoting *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)). Thus, Petitioner may only plead and conduct his own case.

Petitioner is no longer in DCU at the prison camp in Atlanta. Thus, his release from DCU moots his claims challenging his placement there and seeking release from

2

the segregated confinement. *See De La Teja v. United States*, 321 F.3d 1357, 1361-62 (11th Cir. 2003); *Hampton v. Fed. Corr. Inst.*, No. 1:09-CV-854-RWS, 2009 WL 1703221, at *3 n.1 (N.D. Ga. June 18, 2009) ("[A]ny challenge to the fact or duration of Petitioner's confinement at the [special housing unit at the Atlanta federal prison] has been mooted by his release from that confinement . . . .").

Petitioner's allegations that the BOP did not follow its own policies during the disciplinary proceedings do not state a claim. Inmates do not have a constitutional right to participate in grievance proceedings. *Massey v. Helm*, 259 F.3d 641, 647 (7th Cir. 2001); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Moreover, a failure by prison officials to comply with their own regulations does not state a constitutional claim cognizable on habeas review. *Arceneaux v. Young*, 369 F. App'x 620 (5th Cir. 2010) (citing *Jackson v. Cain*, 864 F.2d 1235, 1251–52 (5th Cir.1989)).

Further, the increase in security level at the prison camp did not violate Petitioner's constitutional rights. *See Cohen v. United States*, 151 F.3d 1338, 1343 (11th Cir. 1998) (holding that decisions regarding a petitioner's security classification are a discretionary function of the BOP); *Smith v. Pitzer*, 193 F.3d 520 (5th Cir. 1999) (affirming district court's denial of § 2241 petition alleging "disciplinary type

3

transfer" because BOP's transfer from medium to high security prison did not violate the petitioner's constitutional rights).

Lastly, any conditions of confinement and damages claims are inappropriate in a habeas corpus petition. Petitioner's claims would be properly brought under 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which authorize an inmate to bring claims for a violation of his constitutional rights by a federal actor.

### III. Conclusion

Based on the foregoing, **I RECOMMEND** that the instant petition be **DISMISSED** under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Because a federal prisoner does not require a certificate of appealability ("COA") to appeal the denial of a § 2241 petition, *see Sawyer v. Holder*, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003), I offer no COA recommendation in this matter under Rule 11(a) of the Rules Governing Section 2254 Cases.

**I FURTHER RECOMMEND** that Petitioner's pending motions [Docs. 2 and 10] in this case be **DENIED** as moot.

4

AO 72A
(Rev.8/82)

The Clerk is **DIRECTED** to terminate the referral to me.

**IT IS SO RECOMMENDED**, this 9th day of September, 2013.

_Gerrilyn G. Brill_
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)